```
                  UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

FAB-TECH, INC.                  :
                                :
     V.                         :
                                :    CIVIL NO. 1:04CV275
E.I. DU PONT DE NEMOURS         :
AND COMPANY                     :
                                :
_____ :
```

RULING ON MOTION FOR JUDGMENT AS A MATTER OF LAW,
OR IN THE ALTERNATIVE, FOR A NEW TRIAL
(Paper 172)

Defendant E.I. Du Pont de Nemours and Company (hereinafter "Du Pont") has moved for entry of judgment as a matter of law, or in the alternative, for a new trial.  In addition, in the event the Court denies its motion, Du Pont requests remittitur of the compensatory and punitive damages awards.

After hearing the testimony of witnesses and examining extensive documentary evidence, the jury found Du Pont breached its 1999 and 2000 contracts with Fab-Tech.  While the jury attributed no damages to the breach of the 1999 contract, it awarded Fab-Tech $1.3 million in compensatory and $1 million in punitive damages for breach of the 2000 contract.  See generally Verdict Form (paper 168).

The basis of the defendant's motion is that the verdict "lacked sufficient evidentiary support on the issues of liability, causation and damages" for either plaintiff's breach of contract or covenant of good faith and fair dealing claims.

1

<u>See</u> Paper 173 at 2.  For the reasons set forth below, Du Pont's Motion is DENIED.

## Judgment as a Matter of Law

On a motion for judgment as a matter of law under Fed. R. Civ. P. 50(b), the Second Circuit has directed a court proceed as follows:

> [The] district court is required to consider the evidence in the light most favorable to the party against whom the motion was made, and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury. . . . Only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against the moving party may the court properly grant the motion.

<u>LeBlanc-Sternberg v. Fletcher</u>, 67 F.3d 412, 429 (2d Cir. 1995) (citations and punctuation marks omitted); <u>accord</u> <u>Hernandez v. Keane</u>, 341 F.3d 137, 143-44 (2d Cir. 2003).

Du Pont has failed to demonstrate either the complete absence of evidence, or the existence of an overwhelming amount of evidence in its favor, entitling it to judgment as a matter of law.  In this case, the meaning of the 1999 and 2000 supply contracts presented a jury question.  Both parties presented extensive evidence as to the parties' intent and the meaning of these contracts, which the jury was free to credit and assess.

At trial, there was evidence which supported the jury's finding that Du Pont breached these contracts by impermissibly marketing its fluoropolymer coating products for use on corrosive fume exhaust ducts in Asia.  Moreover, evidence suggested Du Pont violated the covenant of good faith and fair dealing by intentionally marketing its own product to compete with the plaintiff's product, while Du Pont simultaneously led Fab-Tech to believe they were engaged in a partnership to market and sell only Fab-Tech's product.

In addition, the jury considered documentary evidence and expert testimony on the nature and amount of the damages Fab-Tech incurred as a result of Du Pont's actions.  The jury specifically found Fab-Tech suffered damages only as a result of the 2000 contract breach.  In sum, the jury's verdict is reasonably supported by the evidence; therefore, Du Pont's Motion for Judgment as a Matter of Law is DENIED.

### New Trial

The standard of granting a new trial under Fed. R. Civ. P. 59(a) is less stringent than under Fed. R. Civ. P. 50.  <u>Manley v. Ambase Corp.</u>, 337 F.3d 237, 244 (2d Cir. 2003).  Under Rule 59(a), the Court may order a new trial if it concludes the jury has reached a "seriously erroneous result" or the verdict constitutes a "miscarriage of justice," against the weight of the evidence.  <u>Id.</u> at 245.

As discussed supra, the jury's verdict is supported by the evidence. The verdict does not constitute a seriously erroneous result or a miscarriage of justice. The Motion for a New Trial is DENIED.

### Remittitur

In the alternative, Du Pont also requests a remittitur of both compensatory and punitive damages. See Paper 173 at 24 et seq. A remittitur may be appropriately granted where a jury's award is "'intrinsically excessive,' i.e., is greater than the amount a reasonable jury could have awarded but the excess is not attributable to a discernable error." Rangolan v. County of Nassau, 370 F.3d 239, 244 (2d Cir. 2004) (Table). "[A] district court sitting in diversity must apply state law standards to determine whether a jury verdict is excessive." DiGennaro v. Wal-Mart Stores, Inc., 141 F.3d 1151 (2d Cir. 1998).

Vermont courts have noted the concept of "good faith" is particularly suited to jury consideration. See Carmichael v. Adirondack Bottled Gas Corp. of Vermont, 161 Vt. 200, 208-09 (1993). "Contextual and fact-specific, the implied good-faith covenant . . . protects against a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness." Id. (quoting Restatement (Second) of Contracts, § 205).

4

Assuming the jury chose to credit the testimony of Fab-Tech's lay and expert witnesses, the record contains sufficient evidence to support its award of both compensatory and punitive damages.  This matter involved a substantial commercial venture, and evidence suggests Du Pont acted with duplicity when dealing with Fab-Tech.  See Monahan v. GMAC Mortgage Corp., 179 Vt. 167, 170-71 (2005) (To uphold a jury's award of punitive damages, evidence must support a finding of reckless disregard for plaintiff's rights.).  Moreover, when compared to the compensatory damages assessed, the jury's punitive damages award does not appear exorbitant.  Cf. Earl v. Bouchard Transp. Co., Inc., 917 F.2d 1320, 1328-29 (2d Cir. 1990).  Remittitur is denied.

## Conclusion

The Motion for Judgment as a Matter of Law, or in the alternative, for a New Trial, is DENIED.  The Request for Remittitur is DENIED.

SO ORDERED.

Dated at Brattleboro, Vermont, this 6th day of July, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge